UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAUL AGUILAR,<br><br>Defendant. | Case No. 1:19-cr-00224-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Saul Aguilar's Motion for Early Termination of Probation (Dkt. 96). The Government opposes the motion and, for the reasons explained below, the Court will deny it.

## BACKGROUND

On January 19, 2022, Mr. Aguilar was sentenced to three years of probation for Distribution of Methamphetamine. Dkt. 92. Now, with his term of probation set to expire on January 18, 2025, Mr. Aguilar asks the Court for early termination of probation. The Government opposes the motion and U.S. Probation takes a neutral position.

## LEGAL STANDARD

A court may modify or terminate a felon's sentence of probation after the defendant has completed at least one year of probation. 18 U.S.C. § 3564(c). In deciding whether to grant early termination, courts begin by considering the factors set forth in Section 3553(a), including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3564(c) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. *See* 18 U.S.C. §§ 3564(c). The Ninth Circuit has

MEMORANDUM DECISION AND ORDER - 2

specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *United States v. Emmett*, 749 F.3d 817, 821–22 (9th Cir. 2014).

## ANALYSIS

Mr. Aguilar argues that early termination is warranted due to his success on probation thus far. He does not specifically address each of the factors identified above but instead argues more broadly that he has changed since his sentence was imposed. *Motion* at 4–9*,* Dkt. 96. He points out that he is a reliable employee and has developed a strong positive presence in his family. *Id.*

The Court commends Mr. Aguilar for his excellent behavior on supervision. But after considering each of the factors outlined above, the Court is not persuaded that early termination is warranted. As the Government points out, Mr. Aguilar has a history of battling a serious methamphetamine addiction, and not enough time has elapsed to confidently assess his risk of relapse and recidivism. Serving his full term of probation will help to assure that Mr. Aguilar's upward trajectory does not end. Further, as a more general matter, the Court is not persuaded that probation

becomes unnecessary simply because a person has complied with the requirements and is an excellent employee.

To be sure, the Court praises Mr. Aguilar for turning his life around. But the Court finds that probation remains necessary and useful in this case.

## ORDER

**IT IS ORDERED that** Defendant Saul Aguilar's Motion for Early Termination of Probation (Dkt. 96) is **DENIED.**

DATED: January 31, 2024

_____
B. Lynn Winmill
U.S. District Court Judge